UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Ex Parte Application of Pro-Sys Consultants and Neil Godfrey, <br><br> Applicants. | CASE NO. MC16-0011RSM <br><br> ORDER GRANTING APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 |

## I.     INTRODUCTION

This matter comes before the Court on the Ex Parte Application by Pro-Sys Consultants and Neil Godfrey for an Order granting leave to take discovery from former Microsoft employee Steven Sinofsky for use in foreign proceedings pursuant to 28 U.S.C. § 1782. Dkt. #1. For the reasons set forth herein, the Court GRANTS the application.

## II.     DISCUSSION

Section 1782(a) authorizes federal courts to provide certain assistance to litigants in foreign tribunals:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that . . . the document[s] . . . be produced, before a person appointed by the court.

28 U.S.C. § 1782. While this Court has jurisdiction to allow discovery for use in a proceeding in a foreign tribunal, it "is not required to grant a § 1782(a) discovery application simply

ORDER
PAGE - 1

because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004).

### A. Statutory Requirements

There are three statutory requirements under 28 U.S.C. § 1782:

> A district court may grant an application pursuant to 28 U.S.C. § 1782 where: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or internal tribunal or any interested person.

*Lazaridis v. Int'l Ctr. for Missing & Exploited Children*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011).

The applicants have met these requirements. With respect to requirement one, the Applicants allege that Steven Sinofsky resides in King County, Washington, which is within this District. Dkt. #1 at ¶ 7. In support of that allegation, the Applicants provide publicly-available property documents demonstrating residency in Bellevue, WA, in King County. Dkt. #1-1, Ex. F. Thus, the Court is satisfied that Mr. Sinofsky resides or may be found in the Western District of Washington.

The Court is also satisfied that the discovery sought is for use in a proceeding before a foreign tribunal. The Applicants allege that they are plaintiffs in a certified class action currently before the Supreme Court of British Columbia, Canada. Dkt. #1 at ¶ 1. Applicants have provided court documents demonstrating that, in that action, the plaintiffs assert claims that Microsoft engaged in certain anti-competitive conduct, which Microsoft denies. Dkt. #1-1, Exs. A and B. Applicants also assert that as a former employee of Microsoft, involved with the software at issue in the Canadian matter, Mr. Sinofsky's testimony will be useful in proving their claims. Dkt. #1 at ¶ 3.

ORDER
PAGE - 2

With respect to the third requirement, the Court is satisfied that the requirement is met, as the Applicants are plaintiffs in the foreign proceeding, and are therefore interested persons. *Intel*, 542 U.S. at 256 ("[L]itigants are included among . . . the 'interested person[s]' who may invoke § 1782 . . . ." (citation omitted)); *see In re Global Energy Horizons Corp.*, 2015 U.S. Dist. LEXIS 37138 (N.D. Cal. Mar. 24, 2015) (footnote omitted) ("[T]here can be no real dispute that GEHC qualifies as an interested person [under § 1782] because it is a party to the foreign proceeding and requires the information at issue here to determine the extent of Gray's breach and the monetary damages at play.").

Accordingly, the Applicants have met all three statutory requirements under 28 U.S.C. § 1782.

**B. Discretionary Factors**

"[O]nce the statutory requirements are met, a district court is free to grant discovery in its discretion." *Metallgesellschaft v. Hodapp (In re An Order Permitting Metallgesellschaft AG to Take Discovery)*, 121 F.3d 77, 78 (2d Cir. 1997). The factors the Court considers in deciding whether to exercise its discretion were outlined in *Intel*, *supra*. First, the Court determines "[whether] the person from whom discovery is sought is a participant in the foreign proceeding . . . ." *Intel*, 542 U.S. at 264. If so, the need to resort to § 1782 to obtain evidence is less apparent. *Id.* The next factor is "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity . . . to U.S. federal-court judicial assistance." *Id.* Where the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States[,]" the Court should refrain from exercising its discretion to order discovery. *Intel*, 542 U.S. at 265. Equally important is whether the request is "unduly intrusive or burdensome." *Id.*

ORDER
PAGE - 3

As to these factors, the Applicants assert that Mr. Sinofsky is not a party to the litigation, and because Mr. Sinofsky is no longer employed by Microsoft, Microsoft asserts that it is unable to produce him as an adverse party witness for trial. Dkts. #1 at ¶ 4 and #1-1 at ¶ 5 and Exs. C and D thereto. Mr. Sinofsky is also beyond the jurisdictional reach of the Canadian court, and therefore cannot be compelled by that court to appear at trial. Dkt. #1-1 at ¶ 8. Finally, the Applicants note that the Canadian court has indicated its receptiveness to foreign evidence in other cases. *Id.* at ¶ 7 and Ex. E thereto. Finally, the Court has examined the proposed subpoena and finds that it is narrowly tailored to Mr. Sinofsky's knowledge about the issues involved in the Canadian proceeding. *See* Dkt. #1-1, Ex. G.

### III.  CONCLUSION

For the reasons explained above, the Ex Parte Application (Dkt. #1) is GRANTED. The Applicants may serve Mr. Sinofsky with the proposed subpoena. A copy of this order must be served with the subpoena. After service, Mr. Sinofsky may assert any rights he may have to challenge the subpoena by filing a motion to Quash in this action, under the same case number.

DATED this 25 day of January 2016.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4